

FILED
RICHARD W. NAGEL
CLERK OF COURT

22 JUN 27 PH 3: 04

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| JAMES SULLIVAN | Case No  1:21-cv-00421 |
| Plaintiff, | |
| Vs, | |
| Savon Kelsey, Morgan St John, Mathew Lohman, David Mingo, Nickolas Ivanovic, Scott Crowley John Vogt, William Horsley, unknown bald fireman. | RULE 15. 2nd AMENDED AND SUPPLEMENT PLEADINGS COMPLAINT FOR DAMAGES TRESPASS |
| Defendants | |
|     Attorney<br>    ANDREW GARTH<br>    KATHERINE C. BARON<br>    SHUVA J. PAUL<br>    Lazarus & Rutowski | |

I, James Sullivan "(hereinafter "Plaintiff)" is one of the People of Ohio, and in this court of record in the above-captioned matter, under oath do hereby state and depose, my statement is made on personal firsthand knowledge and I am competent to do so. I have made this statement in the State of Ohio in the, County of Hamilton. A responsive pleading under rule 15 to a, removal notice dated January 20, 2022, USPS A210735 (ATTACHMENT D) and A210736 (ATTACHMENT E) USPS (ATTACHMENT F). Defendants initial response was not filed timely in Ohio court of Common pleas for Cases A210732, A210733, A210734, A210735, A210736, Extension was not granted by Judge Jody Luebbers. Defendants are still in Default.

**Table of Contents**

SECTION 1: LIST OF PARTIES ........................................................................................................1

SECTION2: INTRODUCTION .........................................................................................................2

SECTION:3 FACTUAL BACKGROUND............................................................................................2

SECTION:4 PROCEDURAL HISTORY..............................................................................................7

SECTION:5 ARGUMENT ...............................................................................................................8

SECTION:6 CAUSE OF ACTION ...................................................................................................20

## Cases US Supreme Court

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..............................................................................11

Board of *Regents v. Tomanio*, 446 U.S. 478 (1980)....................................................................10

*Conley v. Gibson*, 355 U.S. 41 (1957); US Court of Appeals for the Seventh Circuit - 217 F.2d 168 (7th Cir. 1954) ..................................................................................................................................4

*Jinks v. Richland County*, 538 U.S. 456, 466, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003)............................11

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982). ...................................................11

*Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973). .......................................................11

*New York v. Chatham County, Ga.*, 126 S. Ct. 1689, 1693 (2006)..............................................11

*U.S. V. WHITE COUNTY BRIDGE COMMISSION* (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535...............4

## US DISTRICT COURT

*Jones v. Warden*, S.D. Ohio No. 2:20-cv-5466, 2021 U.S. Dist. LEXIS 104073, at *21 (June 3, 2021)....18

*Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)................................................................19

*United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007).......................................................18

## Constitution Provisions

U.S. Const., amend. IV.................................................................................................................3

U.S. Const., amend. XIV..............................................................................................................3

## FEDERAL USC

18 U.S. C § 1001 .........................................................................................................................6

18 U.S. C § 242 .........................................................................................................................26

18 U.S.C. § 241 ....................................................................................................................6, 7, 8

18 U.S.C. § 242 ...........................................................................................................................8

18, U.S.C 241 ..............................................................................................................................3

28 U.S.C. § 1367 .........................................................................................................................3

28 U.S.C. §1331 ..........................................................................................................................3

42 U.S.C. §1983 ..................................................................................................10, 20

42 U.S.C.§ 1983 ......................................................................................................10

## ORC STATUES

119. 01 ........................................................................................................................17

2152.19 ......................................................................................................................16

2152.20 ......................................................................................................................16

2744 ......................................................................................................................10, 20

2744.01 ........................................................................................................................6

2744.03 ......................................................................................................................12

2913.01 ..................................................................................................................13, 24

2921.44 ........................................................................................................................7

2921.45 ........................................................................................................................7

2921.52 ......................................................................................................................28

2937.31 ........................................................................................................................5

2951.02 ......................................................................................................................16

3303.07 ........................................................................................................................5

3737.64 ......................................................................................................................19

3737.85 ..........................................................................................................7, 14, 17

4765 ......................................................................................................................5, 19

4765.55 ........................................................................................................................5

4765-1 ..........................................................................................................................6

4765-10 ........................................................................................................................5

4765-12 ........................................................................................................................5

4765-19 ........................................................................................................................5

4765-20 ......................................................................................................................25

4765-9 ..........................................................................................................................5

597.02 ........................................................................................................................31

606.20 ..........................................................................................................................7

## OHIO FIRE CODE

308.1.4 (d) ..................................................................................................................6

## CINCINNATI ORDINANCE

1201 ..........................................................................................................................26

1201 47 ......................................................................................................................27

## SECTION 1: LIST OF PARTIES

1. Plaintiff James Sullivan was a resident of the State of Ohio at the time these events occurred. and is one of the People of America and in the State of Ohio and is a resident within Hamilton County District. At all relevant.

2. Defendant Savon Kelsey: Morgan St John, David Mingo, Nickolas Ivanovic was an unlicensed Fire Inspector with the Cincinnati Fire Department and operating under color of state law. Cincinnati Fire Department and Cincinnati Police Department is organized and operates under the laws of the State of Ohio.

   James Sullivan hereinafter Plaintiff.

   Defendant Savon Kelsey" hereinafter Defendant-A".

   Defendant Mathew Lohman "hereinafter " Defendant-B,"

   Defendant David Mingo "hereinafter Defendant-C,"

   Defendant unknown bald fireman with Lohman jacket "hereinafter Defendant-D,"

   Nickolas Ivanovic "hereinafter Defendant-E,"

   Defendant Morgan St John "hereinafter Defendant F,"

   Defendant John Vogt, "hereinafter Defendant G,"

   William Horsley, "hereinafter Defendant H,"

   Scott Crowley "hereinafter Defendant I,"

### JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

4. Plaintiff's Counts I; II, arise under "U.S. Const., amend. IV." Count III, "U.S. Const., amend. XIV." count IV U.S.C. § 1001, count VII [18, USC 241], count IX, [18, U.S.C. § 242] Count X, U.S.C. § 1001, Count XIV, "U.S. Const., amend. XIV."

5. This court has supplemental jurisdiction over the remaining counts V, VI, VIII, XI, XII, XIII state law claims pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to the

1

federal claims, over which this Court has original jurisdiction, that they form part of the same case or controversy.

## SECTION2: INTRODUCTION

This Amended Action Federal court amends by entire substitution the action filed in state court , August 20th 2021, in the above-entitled court.

A. Defendants are serving a notice of removal, A210735 and A210736. Defendants previously were moving to dismiss for failure to state a claim upon which relief may be granted, this action on the grounds that the claims are nonsensical, that after, and that the Plaintiffs lacks standing to bring one (of many causes of action) claims now before the Court. "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41 (1957); US Court of Appeals for the Seventh Circuit - 217 F.2d 168 (7th Cir. 1954); and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *U.S. V. WHITE COUNTY BRIDGE COMMISSION* (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535. None of Defendants arguments have merit, and their motion should be denied. In Defendants motion, Defendants routinely misstates the case law's application and reach, to advance Defendants claim that the current challenge to the action at Law do not apply to the Defendants.

## SECTION:3 FACTUAL BACKGROUND.

A. On or about May 2020, including on May 20, 2020, the residence located at 3556

Wilson Ave Cincinnati Ohio.

B. At all relevant times, all actions taken by all of the Defendants herein were undertaken under color and authority of state Law and city ordinance1201.47

Defendant Savon Kelsey "(hereinafter Defendant-A,)" is one of the unlicensed Fire Inspectors arrives at 3556 Wilson Ave at approximately 3:15 pm. Defendant Mathew Lohman "hereinafter Defendant-B," walks away as" he calls his unlicensed Fire Inspector David Mingo "hereinafter Defendant-C,". The unknown bald fireman "Hereinafter Defendant-D," did state correctly a fire inspector did show up and stated "if he has a hose it is OK' this was just before Defendant-A showed up. At this point in time

C. Defendant-B, is continuing to operate with specific intent to violate Plaintiffs. This is inconsistent with ORC Section 4765 and ORC Section 2937.31 as he is inducing panic. No person shall serve as a fire safety inspector for any fire agency unless he has received a certificate issued under former ORC Section 3303.07 or ORC Section 4765.55 of the ORC Section 4765-9 Ethical Standards of Conduct.

D. Defendant-B, LT LOHMAN IS not satisfied with the 1st INSPECTOR Defendant-B CALLS Defendant-C continuing inducing panic. AS REPORTED BY HIMSELF BY MAKING THE STATEMENT at 2:57 pm. THE PERSON WAS FEISTY, AND A WEAPON STATEMENT. and violates ORC Section 2913.01 FRAUD.

E. Defendant-B violates ORC Section 4765 . 9.01 PROFESSIONAL CONDUCT. ORC Section 4765 .9.01 (E) A person issued a certificate to practice shall not perform any services that exceed the scope of the person's certificate to practice as set forth in Chapter ORC Section 4765. of the Revised Code and ORC Section 4765-1 to 4765-10 and 4765-12 to 4765-19 of the Administrative Code. (F) A person issued a certificate to practice shall not misrepresent the person's professional qualifications or credentials. (G) A person issued a certificate to practice

3

shall report to the division as soon as practicable any knowledge of a violation of ORC Section 4765. of the Revised Code or ORC Section 4765-1 to 4765-10 or 4765-12 to

F. Defendant-C violates Rule ORC Section 4765-20-01 of the Administrative Code. No person shall provide firefighting, fire safety inspector, or hazard recognition officer services without possessing the appropriate certificate issued by the executive director pursuant to **ORC Section 4765.55** of the Revised Code and ORC Section 4765-20 and 4765-24 of the Administrative Code. Defendant-D violates 18 U.S. Code § 1001 about an open burn Defendant-B, stated in his official report the BBQ was contained,

G. Defendant-A, violates 18 U.S.C. § 241 Conspiracy against rights: Plaintiff Accepts Defendant-A oath of office. Defendant-A violates Policy: Department personnel will not undertake any investigation or other official action not part of their regular duties without obtaining permission from their district/section/unit commander, Defendant-A does not use a tape measure, as needed for Ohio fire code 308.1.4 (d) Open-flame cooking devices.

H. Defendant-A, states she does not know what to charge plaintiff with/ Plaintiffs Is heard in the background asking to produce documents. Defendant-A thinks it is Friday and in fact it is Wednesday.

I. Nickolas Ivanovic hereinafter Defendant-E asks an unlicensed Plumber to turn on water Defendant-D states he does not know the city fire code. Defendant-B also states he does not know the code. Defendant-B states "his specialist may know"

J. All city personal including Defendant-A leave. St John hereinafter called Defendant F was told to watch the firemen she took on her own initiative and it was inconsistent with ORC Section 2744.01 | Political subdivision tort liability officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. Defendant F violates section 2744.01 of ORC.

K.  Defendant-A, Defendant-B Defendant-C Defendant-D Defendant-E

Defendant-F violates ORC Section 3737.85 | states rules for giving notice or serving notice.

(A)  The owner of a building or premises receives notice before any action is taken with
respect to that building or premises.

(B)  The person responsible by law for a violation of the state fire code receives notice of
such violation.

(C)  The person responsible by law for any violation is given notice of and the opportunity
for a hearing as provided in this chapter.

L.  Defendant-A, Defendant-B Defendant-C Defendant-D Defendant-E, . Defendant John
Vogt, "Defendant G," admitted in open court no notice was given . Never checking for any
valid order
.
Defendant-A; B, C, D, E, F, all violate ORC Section 2921.44 | Dereliction of duty.

(1) Fail to serve a lawful warrant without delay.

(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it
is in the law enforcement officer's power to do so alone or with available assistance.

Plaintiff seen speaking on his cell phone to the chief trying to get cooperation from Defendant-A
and Defendant-B, with no luck. Both violate ORC Section 606.20  INTERFERING WITH
CIVIL RIGHTS.

(a)  No public servant, under color of his or her office, employment, or authority, shall
knowingly deprive, conspire or attempt to deprive any person of a constitutional or statutory
right.

(b)  Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of
the first degree. (ORC Section 2921.45; Ord. 1785.  Passed 1-14-74.)

18 U.S.C. § 241 Conspiracy against rights:  If two or more persons conspire to injure, oppress,
threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District

in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both;

18 U.S.C. §241 Deprivation of rights under color of law:

- M. Defendant-F act outside her authority states at 15 24 on Defendants-A body cam we will cite him. Defendant-A does nothing.
- N. Defendant-F pushes Plaintiff. Defendant-A states she is glad.
- O. At 15 34 pm Ivanovic Defendant-E with Defendant-A violates ORC 3737.85 and ORC 2921.45; violates 18 U.S.C. § 241. 18 U.S.C. § 242
- P. At 15 57 pm Ivanovic Defendant-E with Defendant-A. Defendant-F threatens

Plaintiff With jail. Defendant-A never asked if any orders were issued.

Q. Unlicensed Fire Inspector David Mingo and unlicensed Fire Inspector Savon Kelsey, Morgan St John was the direct and proximate result of the failure to properly train themselves in the Cincinnati Police; Fire Department policy and ORC, including unlicensed Fire Inspector Officer Savon Kelsey and Officer Morgan St John, as to the constitutional rights and interest implicated here so as to constitute and demonstrate a deliberate indifference to the rights, of those with whom they interact, including James Sullivan. All Officers acted without lawful authority beyond lawful bounds.

R. Exhibit-1 (official report), Exhibit-2 (photographs), Exhibit-3 (copies of x-rays of injuries) are included by reference as though fully stated herein.

**S.** The injuries itemized in Exhibit-3 require ongoing medical treatment, surgery, and therapy. Defendant-F's action causes permanent diminishing of Plaintiff's capacity to perform his primary trade of heavy plumbing construction work. Plaintiff's ability to perform his secondary skills as a field plumber are likewise diminished. Of necessity, Plaintiff is now occasionally doing low-paying odd jobs, despite the accompanying pain.

**T.** Defendant-A had a duty to not act in such a way as to cause injuries to Plaintiff.

**U.** Fire department paramedics provide emergency help to Plaintiff. Plaintiff, is incurring, and continues to incur medical bills for treatments, surgeries, and therapies. The bodily injuries, treatments, surgeries, and therapies will be detailed in Exhibits. The operative/procedure record of Orthopedic Surgeon is particularly as a direct and legal result of the actions of Defendant-A, Plaintiff was injured in his health, strength, and activity, sustaining injury to his person, all of which injuries cause Plaintiff great mental, emotional, and physical pain and suffering.

**V.** As a further direct and legal result of the actions of Defendant-A and Defendant-F Plaintiff incurs, and continues to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of medical expenses that are incurring. When Plaintiff has ascertained this amount, Plaintiff will seek leave of court, orally or in writing, to amend this complaint to insert this amount.

## SECTION:4 PROCEDURAL HISTORY

A. 5 separate cases were filed in Hamilton County common pleas court on 05/19/2021

B. Defendants moved ex party for consolidation without notice and without hearing.

C. Defendants also filed for an extension of time, and it was not granted defendants are technically in default and continue as if motion was granted.

D. Defendants filed for a motion for removal into federal court under rule 1441 at this time defendants have not met all requirements of this rule.

E. Defendants did file a response 55 days later on 07/13/21 with a motion for failure to state a claim upon which relief may be granted.

F. Plaintiff responded on 07 /27/21 OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.

G. Defendant did file a response on 07 /29/21 with BRIEF IN SUPPORT OF Defendants. : THEIR MOTION TO DISMISS

H. Plaintiff responded 08/05/21 RULE 15. 1st AMENDED AND SUPPLEMENT PLEADINGS COMPLAINT FOR DAMAGES TRESPASS

### SECTION:5 ARGUMENT

1. The defendants claim Plaintiff waived his right to bring his Civil Rights claims under 42 U.S.C. §1983 when he entered a "no contest". This is untrue.

Both Defendant and Plaintiff agree a not guilty was found by bench trial and the court preserved Mr. Sullivan of redress. What has come to be known as the "*Heck* preclusion doctrine," "*Heck* bar," or "favorable-termination requirement" is based on the following paragraph in the Supreme Court's opinion:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C.§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal

2. The ORC Section 2744 immunity question was reference by defendants' council the ORC 5 part test is in fact relevant as the supreme court found *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties. E.g., Board of *Regents v. Tomanio*, 446 U.S. 478 (1980).

8

3. No Eleventh Amendment Immunity for Local Entities/State Immunities Not Applicable
Political subdivisions of the state have no Eleventh Amendment protection from suit in federal
court. *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973). See also Northern Ins. Co. of
*New York v. Chatham County, Ga.*, 126 S. Ct. 1689, 1693 (2006) ("A consequence of this 530
(1890)] See also *Jinks v. Richland County*, 538 U.S. 456, 466, 123 S.Ct. 1667, 155 L.Ed.2d 631
(2003) ("Municipalities, unlike States, do not enjoy a constitutionally protected.

4. At all relevant times, all actions taken by all of the Defendants herein were undertaken
under color and acting outside authority of state. All persons were clothed with the authority of
the state, using or misusing the authority of the state. any political subdivisions of the state, such
as a county or municipality, and also any state, county or municipal agencies.

6. **Counterevidence:** The Defendants under federal rule 8 (a) 6 have not denied this fact,
   conduct satisfying the state-action requirement of the Fourteenth Amendment satisfies
42 U.S.C. § 1983 requirement of action under color of state law.[1]
After investigating Plaintiff's barbeque, criminal charges were issued against Plaintiff for
obstructing official business and failure to comply with the orders of the Cincinnati Fire
Department. (See Exhibit A and B)[2].All criminal charges filed against Plaintiff's were found not
guilty CRB 2010469 (Exhibit C)

7. **Counterevidence:** to Defendants statements of "To survive a challenge under Fed. R.
Civ. P. 12(b)(6), complaint "must contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting
Twombly 550 U.S. at 570). The standard is at the discretion of the court, The Twombly decision
itself noted that its "plausibility" standard only required "enough fact to raise a reasonable
expectation that discovery will reveal evidence" supporting the claim. 550 U.S. at 556.

---

[1] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982).
[2] Exhibit A and B are the Complaints filed in Hamilton County Municipal Court Case No.
20/CRB/10469 and 20/CRB/10470 Exhibit A and B

8.	**Counterevidence:** Defendants statements of "A complaint must provide "more than an unadorned, the defendant-unlawfully harmed-me accusation" and mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." (Exhibit F)[3] the officer Morgan St John states on **FINALREDACT-_CPD200520000812-kelsey-34958-5_20_2020_3_10_21_PM "I** did not push you "and the camera Cleary shows Morgan St John pushing Mr. Sullivan in the chest where he had open heart surgery. As a further direct and legal result of the actions of Defendant-A and Defendant-F Plaintiff incurs, and continues to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of medical expenses that are incurring. When Plaintiff has ascertained this amount, Plaintiff will seek leave of court, orally or in writing, to amend this complaint to insert this amount.

9.	**Counterevidence:** Defendants statements "The absence of such rudimentary allegations renders it impossible for the Defendants to be on notice as to the conduct complained of or for this Court to determine that Plaintiff states a plausible claim. Further, all Defendants are entitled to immunity under the theories of either tort immunity, absolute immunity, or qualified immunity. Moreover, even if this Court finds the Defendants are not entitled to immunity, Plaintiff's Complaint fails to plead sufficient facts to allege claims of negligence, conspiracy or violation of Civil Rights under 42 U.S.C. § 1983. "

10. **Counterevidence:** and rebuttal to Defendants statements under Section 2744.03 | Defenses immunities. **require a five-part test for immunities**. The immunities may be asserted to establish nonliability, **plaintiff only needs one is required** to establish liability. of employees are engaged within the scope of their employment and authority. Defendant Savon Kelsey" hereinafter Defendant-A": Defendant Mathew Lohman " Defendant-B;" Defendant David Mingo "Defendant-C," Defendant unknown bald fireman with Lohman jacket "Defendant-D," Nickolas Ivanovic "Defendant-E," Defendant Morgan St John "Defendant F," fail all five defenses.

---

[3] XRAY taken on 05/20/21

The following are full defenses to that liability: The Cincinnati political subdivision fails on all five tests. As a general rule, only courts of law have the authority to decide controversies that affect individual rights.

(1ˢᵗ test) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.

    a. Nickolas Ivanovic "Defendant-E," Defendant Morgan St John "Defendant F," were not involved in a judicial, quasi-judicial, function as no fabricated orders existed.

    b. No emergency existed as seen on camera 15 showing Defendant unknown bald fireman with Lohman jacket "Defendant-D, Defendant Mathew Lohman " Defendant-B;" at 3:04 pm getting slowly out of fire truck E 32 with no siren or red lights on.

    c. No emergency existed Mathew Lohman " Defendant-B;" admits he made the call to 911 seen on **FINALREDACT-_CPD200520000812-kelsey-34958-5_20_2020_3_10_21_PM AS** REPORTED BY HIMSELF BY MAKING THE STATEMENT at 2:57 pm on a CAD report. (Exhibit G) THE PERSON WAS FEYSTY AND **MADE** A WEAPON STATEMENT. and violates ORC Section 2913.01 FRAUD.

(2ⁿᵈ test) The political subdivision is immune from liability if the conduct of the employee involved, **other than negligent conduct.** that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability **was necessary or essential** to the exercise of powers of the political subdivision or employee.

a. Defendant-A; B, C, D, E, F, G, H, I. all join in an acting under the color of law work in concert to "back up the firemen as stated by Nickolas Ivanovic "Defendant-E

b. None of defendants had a tape measure.

c. Defendant-B, had determined in his official the BBQ was contained in Defendant-Bs' NFSIF .NET FULL INCEDENT REPORT. (Exhibit H)

d. as seen on camera 16 Defendant- B and D, were asked to leave when a threat was made to the Plaintiff.

e. At all points in time it was not **was necessary or essential** to the exercise of powers of the political Defendant- B and D fail at all points in time Plaintiff was in full compliance and if fact exceeded all state and local ordinances.

f. Just before Defendant-A shows up an unknown inspector shows up and states if he got a hose leave him alone, he also did not measure the 10 ft setback.

(3rd test) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability **was within the discretion** of the employee with respect to policymaking, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

a. Defendant-A shows up Defendant-B, LT LOHMAN IS not satisfied with the 1st INSPECTOR Defendant-B CALLS Defendant-C continuing inducing panic. AS REPORTED BY HIMSELF BY MAKING THE STATEMENT at 2:57 pm on a CAD report. (Exhibit G) **this is on camera FINALREDACT_CPD200520000812-kelsey-34958-5_20_2020_3_10_21_PM**

b. Defendant-A could have executed the requirement of ORC Section 3737.85 or ORC Section 119.

Defendant-A chose to act in concert with Defendant-B and contrary to **Cincinnati police manual 10.000 PROCEDURE MANUAL AND OTHER BINDING WRITTEN DIRECTIVES Section 12.555 ARREST/CITATION: PROCESSING OF ADULT**

**MISDEMEANOR AND FELONY OFFENDERS** [4] **Purpose:** To protect the constitutional rights of all individuals through the fair and impartial enforcement of Federal, State and Local laws. To establish Department arrest procedures in compliance with Ohio Revised Code and Ohio Rules of Criminal Procedure.

**Policy:** Department personnel will not undertake any investigation or other official action not part of their regular duties without obtaining permission from their district/section/unit commander unless the circumstances require immediate police action. Officers will not leave a prisoner unattended for any reason.

Defendant-A chose to violate 42 U.S.C. § 1983 [5] and her oath [6]

d. Defendant-A have a computer and a cell phone and could have very Easley checked for said orders. [7] The clerk of court has a number set up for this

e. 513-946-5686 or recordsverify@cms.hamilton-co.org. Defendant-A; B, C, D, E, F

All had advanced comminutions in their fire truck of Police car and failed to use any.

f. The Cincinnati political subdivision fails on all above points.

(4th test) The political subdivision is immune from liability if the action or failure to act by the political subdivision or employee involved that gave rise to the claim of liability resulted in

---

[4] 10.000 PROCEDURE MANUAL AND OTHER BINDING WRITTEN DIRECTIVES https://www.cincinnati-oh.gov/sites/police/assets/File/Procedures/10000.pdf

[5] the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.").

[6] U.S. Const. amend. XIV. Sec. 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[7] If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both:

injury or death to a person **who had been convicted of or pleaded guilty** to a criminal offense and who, at the time of the injury or death, was serving any portion of the person's sentence by performing community service work for or in the political subdivision whether pursuant to ORC Section 2951.02 of the Revised Code or otherwise, or resulted in injury or death to a child who was found to be a delinquent child and who, at the time of the injury or death, was performing community service or community work for or in a political subdivision in accordance with the order of a juvenile court entered pursuant to ORC Section 2152.19 or Section 2152.20 of the Revised Code, and if, at the time of the person's or child's injury or death, the person or child was covered for purposes of Chapter 4123, of the Revised Code in connection with the community service or community work for or in the political subdivision.

> a. The Cincinnati political subdivision fails on the above requirement "The political
> subdivision is immune from liability if the action or failure to act by the political
> subdivision or employee involved that gave rise to the claim of liability resulted in
> injury or death to a person **who had been convicted of or pleaded guilty** to a
> criminal offense"
> b. The Plaintiff never plead guilty to anything (Exhibit C and D)[8]
> c. the court on 05/12/21 on the court transcript page 13 lines 6 through 10 after
> making a finding of not guilty (Exhibit I)[9]

(5th test) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a **wanton or reckless manner**.

---

[8] Hamilton County Municipal Court JOURNAL ENTRY (Exhibit C and D)
[9] Transcript of Municipal Court Hamilton County court on 05/12/21

a. All Defendants'-A; B, C, D, E, F, after being given notice to protect Plaintiffs' rights and Defendant-A acknowledges this fact along with the 5,000,000.00 penalty as seen on **FINALREDACT_CPD200520000812-kelsey-34958-5_20_2020_3_10_21_PM**

**b.** Defendant F did in a **wanton or reckless manner**. Pushing Plaintiffs right she was told to watch the firemen only as she conspired with Defendants'-A; B, C, D, E to issue an unlawful order under the color of law and she kept a by stander from demonstrating that Plaintiff was in fact in full compliance.

**c.** Defendant-E and F as seen on **FINALREDACT_CPD200520000812-ST.JOHN-34097-5_20_2020_3_10_21_PM** both after seeing undisputable proof show a extreme deliberant indifference.[10]

d.     Defendants'- B; C, D, and two other firemen after being asked if anyone knew the fire code all answered in the negative Defendants'-A and D wrote up 20 CRB10469 and 20CRB10470 this demonstrated malice as seen on **BODY CAM 1ST-CPD200520000812-IVANOVIC-32271-2020-05-20_1518 – 005**

All Defendants'-A; B, C, D, E, F violated Ohio revised code 2921.44[11] and 3737.85 by signing the complaints 20 CRB10469 and 20 CRB10470. Also due process 14TH AMENDMENT U.S. CONSTITUTION.by skipping the notice requirement skipping the hearing as required by ORC Section 119. 01 and ORC Section 3737.85

It was unreasonable for Savon Kelsey" Defendant-A"; Mathew Lohman " Defendant-B, David Mingo "Defendant-C," fireman with Lohman jacket "Defendant-D." Nickolas Ivanovic

---

[10] "Deliberate indifferences" as to its known or obvious consequences. 'Bryan County v. Brown, 520 U.S. 397, 407 (1997)

[11] Section 2921.44 | Dereliction of duty 1) Fail to serve a lawful warrant without delay;
(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance.
(B) No law enforcement, ministerial, or judicial officer shall negligently fail to perform a lawful duty in a criminal case or proceeding.

"Defendant-E," Morgan St John "hereinafter Defendant-F" To unreasonable search and seizures protected by the Fourth Amendment Plaintiffs fuel for cooking.

(a) a criminal prosecution was initiated against the plaintiff and that the Savon Kelsey" Defendant-A"; Mathew Lohman " Defendant-B," " Nickolas Ivanovic "Defendant-E," did, influenced, or participated in the decision to prosecute.

(b) there was a lack of probable cause for the criminal prosecution; when BBQ was contained and outside a 10-foot zone from structure said orders did not exist.

(c) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure, such as medical problem with leg operations.

(d) the criminal proceeding 20 CRB 10469 and 20 CRB 10470 was resolved in the plaintiff's favor.

**9. Counterevidence:** and rebuttal to Defendants statements." Plaintiff waived his right to bring his Civil Rights claims under 42 U.S.C. § 1983 when he entered a "no contest" plea". This is incorrect as the two cases that were refenced were plead not guilty. The court on 05/12/21 on the court transcript page 13 lines 6 through 9 after making a finding of not guilty (Exhibit I)[12]

The court Sua sponte page 13 lines 6 through 10 "A redress by Mr. Sullivan I'll preserve " Defendants statements "unless expressly preserved in a plea agreement or at a plea hearing. *Jones v. Warden,* S.D. Ohio No. 2:20-cv-5466, 2021 U.S. Dist. LEXIS 104073, at *21 (June 3, 2021) (quoting *United States v. Lalonde,* 509 F.3d 750, 757 (6th Cir. 2007). Because Plaintiff entered "no contest" pleas, he waived his right to raise any alleged constitutional issues here. See, Exhibit C and D. As such, Plaintiff's unlawful search and seizure, malicious prosecution" The two cases that were refenced by Defendants statements were plead not guilty totally different concept of law. The Plaintiff did preserve all his common law rights in writing for redress the court agreed to this fact.

---

[12] Transcript of Municipal Court Hamilton County court on 05/12/21

8. **Counterevidence:** and rebuttal to Defendants statements "The Complaint fails to state a plausible claim for civil conspiracy involving the Defendants. Similarly, to Plaintiff's deprivation of civil rights claims, Plaintiff's Complaint fails to state a plausive claim for civil conspiracy. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on such a claim, a plaintiff must demonstrate that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective and (3) an overt act was committed in furtherance of the conspiracy that caused the injury"

    a. The conspiracy that caused the injury did cause injury as more medical treatment is needed to correct the damage done by Morgan St John

    b. Nickolas Ivanovic "Defendant-E overt act was committed was when he gave a hand signal and a verbal order to Savon Kelsey Defendant-A" then Nickolas Ivanovic "Defendant-E admitted to not knowing anything about Ohio fire or the 411 city fire code ordinances. an overt act was committed in furtherance of the act when Nickolas Ivanovic "Defendant-E had a meeting with unlicensed David Mingo "Defendant-C," acting under the color of law summons by the phone call of Defendant-B, LT LOHMAN. Defendant-B had a duty under the ORC to report anyone as soon as possible who was acting ORC Section 4765 .9.01 PROFESSIONAL CONDUCT. Defendant-B worked with Defendant-C to execute his PROFESSIONAL CONDUCT violation as body cam shows his direct intent. Defendant-B referred to Defendant-C as "MY SPECIALEST" all the time it was known that David Mingo "Defendant-C had no inspector license ORC Section 3737.64 | States, disclosing purpose of non-official inspection. No person who is not a certified fire safety inspector shall act as such or hold himself out to be such, unless prior to commencing any inspection function, he discloses the purpose for which he is making such inspection and the fact that he is not employed by any state or local fire service or agency, and that he is not acting in an official capacity for any governmental subdivision or agency. This is seen on **BODY CAM 1ST-CPD200520000812-IVANOVIC-32271-2020-05-**

**20_1518 – 005 and FINALREDACT-_CPD200520000812-kelsey-349585_20_2020_3_10_21_PM**

18 U.S.C. § 241 Conspiracy against rights Nickolas Ivanovic "Defendant-E knew the Judges will go along with him as he made the statement on body

**FINALREDACT_CPD200520000812-ST. JOHN-34097-5_20_2020_3_10_21_PM and his own body cam BODY CAM 2ND-_CPD200520000812-IVANOVIC-32271-2020-05-20_1608 – 004.**

**10. Counterevidence:** The court continued with it no due process holding hearings where nobody showed up

(Exhibit J and K) I did get recording 8 months later where the head of the court admitted to nobody being in the court at that time.

10. (Exhibit J) Motion made to the court dismissal for defect in complaint said orders have never been produced by the political subdivision known as the city of Cincinnati kept up it prosecution.

11. **Counterevidence:** Mr. Horsley was handed a document on 07/22/2021 (Exhibit O) this was the third time The political subdivision known as the city of Cincinnati was given title 42 U.S.C. § 1983 And his reply was tacit acceptance. See transcript of Hamilton County municipal court (Exhibit P)

12. **Counterevidence:** The political subdivision known as the city of Cincinnati was given title 42 U.S.C. §1983 notice on 11/25/21 And city of Cincinnati reply was tacit acceptance. (Exhibit Q)

13. **Counterevidence:** and rebuttal to Defendants statements 1." The Defendants are entitled to tort immunity pursuant to ORC Section 2744 for any negligence claim. Plaintiff waived his right to contest probable cause to arrest and prosecute as evidenced by Plaintiff's "no contest" pleas. (Exhibit A and B). For these reasons, the exceptions to tort immunity provided in Ohio Rev. Code §2744.03(A)(6) do not apply in this case. Therefore, "Defendants are entitled to

18

immunity from tort liability for any negligence claim." The defendants are not intitled to from tort liability, this **requires a five-part test for immunities** as stated in paragraphs 5 and 6.

14. **Counterevidence:** As for the issue about notice title 42 U.S.C. § 1983 and accepting of the oath it was given on 05/20/21 when in 20 minutes of the violation and also given by motions during the trial. (Exhibit O) (Exhibit R) and notice was handed to the Prosecutor.

15. **Counterevidence:** Prosecutor has a higher reasonability RULE 3.8: SPECIAL RESPONSIBILITIES OF A PROSECUTOR The prosecutor in a criminal case shall not do any of the following: (a) pursue or prosecute a charge that the prosecutor knows is not supported by probable cause; because Mr. Horsley was handed the notice before the process started and the political subdivision known as the city of Cincinnati was given an extra 42 days before the process started the question of immunity is a moot point.

RULE 3.8: (d) fail to make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, fail to disclose to the defense all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by an order of the tribunal.

John Vogt, William Horsley, Scott Crowley all violated **RULE 8.4: MISCONDUCT** it is included by reference It is professional misconduct for a lawyer to do any of the following:
(a) violate or attempt to violate the Ohio Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.

(b) commit an illegal act that reflects adversely on the lawyer's honesty or trustworthiness.

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(d) engage in conduct that is prejudicial to the administration of justice; (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Ohio Rules of Professional Conduct or other law;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of the Ohio Rules of Professional Conduct, the applicable rules of judicial conduct, or other law.

(g) engage, in a professional capacity, in conduct involving discrimination prohibited by law because of race, color, religion, age, gender, sexual orientation, national origin, marital status, or disability.

(h) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law. identify a specific constitutional right that has been allegedly violated.

15. Amounts for relief were based on actual damages or by agreement on 05/19/2021 Other agreement was made in open court on transcript and by notice

16. Conclusion Defendants routinely misstate the case law's application and outright mis statement of fact, for the reasons stated Defendants' motion to dismiss just does not meet the standard of Fed. R. Civ. P. 12(b)(6). Therefore, the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

## SECTION:6 CAUSE OF ACTION
## COUNT I FIRST CAUSE OF ACTION
### "U.S. Const., amend. IV, XIV" ORC 3737.85

1. Defendant unlicensed Fire Inspectors Defendant Savon Kelsey" Defendant-A".
Defendant Mathew Lohman " Defendant-B,"
Defendant unknown bald fireman with Lohman jacket "Defendant-D,"
Nickolas Ivanovic "Defendant-E, Morgan St John "Defendant F,"
attempted to execute an impromptu inspection and worked in concert with Defendant David Mingo "Defendant-C," and deprived Mr. Sullivan of his right to a hearing per ORC Section 119.01 Defendant Officer Nicolas Ivanovic did not conform to ORC Section 3737.85

2. ORC Section 3737.85 | states rules for giving notice or serving notice.

   (A) The owner of a building or premises receives notice before any action is taken with

respect to that building or premises.

(B) The person responsible by law for a violation of the state fire code receives notice of such violation.

(C) The person responsible by law for any violation is given notice of and the opportunity for a hearing as provided in this chapter.

3. Also 14 amendment US constitution was also violated when ORC Section 3737.85 was not complied with.

## COUNT II SECOND CAUSE OF ACTION
### "U.S. Const., amend, XIV" ORC 3737.64

32. Defendant Savon Kelsey" Defendant-A"; Defendant Morgan St John "Defendant F," Disclosing purpose of his inspection. ORC Section 3737.64 | States, disclosing purpose of non-official inspection. No person who is not a certified fire safety inspector shall act as such or hold himself out to be such, unless prior to commencing any inspection function. he discloses the purpose for which he is making such inspection and the fact that he is not employed by any state or local fire service or agency. and that he is not acting in an official capacity for any governmental subdivision or agency.

## COUNT III THIRD CAUSE OF ACTION
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

33. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein. In view of all the circumstances surrounding the foregoing incident at 3556 Wilson Ave Cincinnati Ohio on May 20, 2020, a reasonable person would have believed Mr. Sullivan was not free to leave from their encounter with Officer unlicensed Fire Inspector Savon Kelsey " Defendant-A" and Officer Morgan St John" Defendant-F", After Mr. Sullivan repeated requests to Lieutenant Lohman" Defendant-B" to write said violation Lieutenant Lohman never

did. Unlicensed Fire Inspector Savon Kelsey" Defendant-A" and Officer Morgan St John"
Defendant-F", and all fireman left Mr. Sullivan's property. Savon Kelsey" Defendant-A" and
Officer Morgan St John" Defendant-F", Were told to watch firemen Officer Morgan St John"
Defendant-F", on her own then returned to enforce some imagery line she had in her head,
Officer Morgan St John" Defendant-F", Jared Mr. Sullivan open heart surgery wound and
healing broken leg. In an attempt to deescalate Mr. Sullivan surrendered to the force of Officer
Morgan St John, then Morgan St John" Defendant-F", took Mr. Sullivan cane and in
excruciating pain Mr. Sullivan dropped to the gravel.

34. The unlicensed Fire Inspector Officer Nicolas Ivanovic Defendant-E, just fabricated a
charge after talking with the unlicensed Fire Inspector David Mingo Defendant-C, is seen on
camera he had no idea what section 11 in the city code was, in fact it was the building code,
Unlicensed Fire Inspector David Mingo Defendant-C did not have a tape measure and just did
not know any correct code. Savon Kelsey Defendant-A, Morgan St John Defendant-F just did
not know any correct code

## COUNT IV FORTH CAUSE OF ACTION

35. ORC Section  2913.01 U.S.C. § 1001 **FRAUD** Defendant-B, Stating a mis representation
to the police officers on cite as firefighter Mingo Defendant-C had no license per ORC. Or
NFPA

## COUNT V FIFTH CAUSE OF ACTION

36. ORC 4765 .9.01 PROFESSIONAL CONDUCT.  Defendant-B worked with
Defendant-C to execute his PROFESSIONAL CONDUCT violation as body cam shows
his direct violation intent.

22

## COUNT VI SIXTH CAUSE OF ACTION

37.    ORC Section 4765-20-01 No person shall provide firefighting, fire safety inspector, or hazard

recognition officer services without possessing the appropriate certificate. Defendant-C was

not a NFPA specialist as stated by Defendant-B on Officers Ivanovics "Defendant-E body

camera.

NFPA specialist Eligibility criteria.

a.  Bachelor's or Master's degree in a Fire Protection-related discipline* from an

accredited college or university, including degrees in engineering fields that are applied

to the practice of fire protection; plus, TWO years of verifiable work experience

dedicated to curtailing fire loss, both physical and financial.

b.  Associate's degree in a Fire Protection-related discipline* from an accredited college

or university, or a Bachelor's or Master's degree in any unrelated field; plus FOUR

years of verifiable work experience dedicated to curtailing fire loss, both physical and

financial.

## COUNT VII SEVENTH CAUSE OF ACTION
### 18 U.S.C. § 241 Conspiracy against rights

38. If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any

State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any

right or privilege secured to him by the Constitution or laws of the United States, or because of

his having so exercised the same; or If two or more persons go in disguise on the highway, or on

the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any

right or privilege so secured, They shall be fined under this title or imprisoned not more than ten

years, or both; and if death results from the acts committed in violation of this section or if such

acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to

commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or

imprisoned for any term of years or for life, or both, or may be sentenced to death. Defendant-C

and Defendant-B worked in concert together as seen on all body cameras. Defendant-C operated some kind of inspection service outside of his employment with the city of Cincinnati known as MAM inspection services.

## COUNT VIII, EIGHTH CAUSE OF ACTION

39.    ORC 2921.44 | Dereliction of duty. Savon Kelsey Defendant-A, Nickolas Ivanovic "Defendant-E," Defendant John Vogt, "Defendant G," William Horsley. "Defendant H." Scott Crowley "Defendant I," Never checked to confirm if any 1201 47 orders were valid. Defendant-E. Defendant-F, Defendant-A; E, G, H, I, all had computer connections and radio communication within reach in all patrol cars or in there office This evidence of fact of intent to fabricate violations.

## COUNT IX, NINTH CAUSE OF ACTION
## [18, USC 242]

40.    18 U.S. Code § 242 - Deprivation of rights under color of law Whoever, under color of any law. statute. ordinance, regulation, or custom, willfully subjects any person in any State. Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains. or penalties. on account of such person being an alien. or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap. aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill. shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Defendant-E Defendant-F, Defendant-A Never checked to confirm if any 1201 47 orders were valid.

## COUNT X, TENTH CAUSE OF ACTION

### U.S.C. § 1001

41. (A)Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

  (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

  (2) makes any materially false, fictitious, or fraudulent statement or representation; or

  (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

  Section 2921.11 | Perjury. (A) No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material.

  (B) A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding. It is no defense to a charge under this section that the offender mistakenly believed a falsification to be immaterial.

  (C) It is no defense to a charge under this section that the oath or affirmation was administered or taken in an irregular manner.

  (D) Where contradictory statements relating to the same material fact are made by the offender under oath or affirmation and within the period of the statute of limitations for

perjury, it is not necessary for the prosecution to prove which statement was false, but only that one or the other was false.

(E) No person shall be convicted of a violation of this section were proof of falsity rests solely upon contradiction by testimony of one person other than the defendant. John Vogt Defendant-G made a direct fraudulent statement page 26 transcript lines 9 to 14 on November 6th hearing room 240. John Vogt made a direct fraudulent statement page 27 transcript lines 1 to 8 on November 6th hearing room 240. John Vogt Defendant-G was asked a direct question by the Judge Mallory page 28 transcript lines 11 to 13 on November 6th hearing room 240. John Vogt Defendant-G covers up by trick, scheme and does not answer. He talks about a report with no said order. John Vogt Defendant-G page 33 transcript lines 9 to 15 on November 6th hearing room 240. John Vogt Defendant-G continues his scheme as subject matter jurisdiction was never proven at any time during the process and Plaintiff, had motioned the court from June 3rd, 2020.

## COUNT XI ELEVENTH CAUSE OF ACTION
## ORC 2305.02

42.     ORC Section 2305.02 | Wrongful imprisonment

## COUNT XII TWELFTH CAUSE OF ACTION
## ORC 2921.52

43. ORC Section 2921.52 | Using sham legal process. Nickolas Ivanovic "Defendant-E," Morgan St John Defendant F," Both watched as Mr. Gipson turned on said water. Defendant-E response was we got judges for that. Morgan St John Defendant F with no training in plumbing acted in concert with Nickolas Ivanovic "Defendant-E," in his Sham legal process. The Plaintiff meets or exceeds all OFC: Cincinnati Ordinances, NFPA regulations. ORC Section 2921.52 | Using sham legal process reads as follows.

(A) As used in this section:

(1) "Lawfully issued" means adopted, issued, or rendered in accordance with the United States constitution, the constitution of a state, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state.

(2) "State" means a state of the United States, including without limitation, the state legislature, the highest court of the state that has statewide jurisdiction, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. "State" does not include the political subdivisions of the state.

(3) "Political subdivisions" means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic that are organized under state law and are responsible for governmental activities only in geographical areas smaller than that of a state.

(4) "Sham legal process" means an instrument that meets all of the following conditions:

(a) It is not lawfully issued.

(b) It purports to do any of the following:

(i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.

(ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property.

(iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property.

(c) It is designed to make another person believe that it is lawfully issued.

(B) No person shall, knowing the sham legal process to be sham legal process, do any of the following:

(1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process.

27

(2) Knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person.

(3) Knowingly commit or facilitate the commission of an offense, using sham legal process.

(4) Knowingly commit a felony by using sham legal process.

(C) It is an affirmative defense to a charge under division (B)(1) or (2) of this section that the use of sham legal process was for a lawful purpose.

(D) Whoever violates this section is guilty of using sham legal process. A violation of division (B)(1) of this section is a misdemeanor of the fourth degree. A violation of division (B)(2) or (3) of this section is a misdemeanor of the first degree, except that, if the purpose of a violation of division (B)(3) of this section is to commit or facilitate the commission of a felony, a violation of division (B)(3) of this section is a felony of the fourth degree. A violation of division (B)(4) of this section is a felony of the third degree.

(E) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred because of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property because of a violation of this section.

## COUNT XIII THIRTEENTH CAUSE OF ACTION
## ORC. 505.20 INTERFERING WITH CIVIL RIGHTS.

44. (a) No public servant, under color of his or her office, employment, or authority, shall knowingly deprive, conspire or attempt to deprive any person of a constitutional or statutory right.

(b)  Whoever violates this section is guilty of interfering with civil rights. a misdemeanor of the first degree. and shall be subject to the penalty provided in Section 597.02. (ORC 2921.45)

## COUNT XIV FOURTEENTH CAUSE OF ACTION
## 14TH AMENDMENT U.S. CONSTITUTION.

45. It was unreasonable for Savon Kelsey" Defendant-A"; Mathew Lohman " Defendant-B. David Mingo "Defendant-C," fireman with Lohman jacket "Defendant-D." Nickolas Ivanovic "Defendant-E," Morgan St John "hereinafter Defendant F," To unreasonable search and seizures protected by the Fourth Amendment Plaintiffs fuel for cooking. Plaintiff was in total compliance

(a)    a criminal prosecution was initiated against the plaintiff and that the Savon Kelsey" Defendant-A"; Mathew Lohman " Defendant-B."," Nickolas Ivanovic "Defendant-E." John Vogt "Defendant G," did, influenced, or participated in the decision to prosecute.

(b)    there was a lack of probable cause for the criminal prosecution: when BBQ was contained and said orders did not exist.

(c)    as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure, such as medical problem with leg operations.

(d) the criminal proceeding 20 CRB 10469 and 20 CRB 10470 was resolved in the plaintiff's favor.

46. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:
On all counts:

47.    For general damages in the sum of $5,000,000.00 as agreed by Defendant-A

48. That Plaintiff be awarded compensatory damages Defendants.

49. That Plaintiff be awarded pre-judgment interest from Defendants.

50. That Plaintiff be awarded liquidated damages from the Defendants.

51. For medical and related expenses.

52. For loss of earnings.

53. For interest as allowed by law.

54. That Plaintiff be awarded punitive damages from Defendants.

55. That Plaintiff be awarded reasonable attorneys' fees and costs from Defendants.; and
For such other and further relief as the court may deem proper.

56. That Plaintiff be awarded all other legal and equitable relief to which he may be entitled from
Defendants.

57. That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum
award rather than her compensation over several, separate tax years.

58. As a further direct and legal result of the actions of Mathew Lohman, Plaintiff incurs,
and continues to incur, medical and related expenses. Plaintiff does not know at this
time the exact amount of medical expenses that are incurring. When Plaintiff has
ascertained this amount, Plaintiff will seek leave of court, orally or in writing, to amend the
above general damages

.

By: _____

James Sullivan

## CERTIFCATE OF SERVICE

I hereby certify on this day of 27th of January 2022, a true and accurate copy of the foregoing Motion. Notice of filing will be sent to all parties by operation of the courts electronic who are not served via Court's electronic filing system filing system and copies will be mailed to those parties

Attorney
ANDREW GARTH
KATHERINE C. BARON
SHUVA J. PAUL
801 plum Street Rm 214
Cincinnati Ohio 45202

Lazarus & Rutowski
30 Garfield St. Suite 915
Cincinnati Ohio 45202

By: _____

James Sullivan

## LAW OF THE CASE

## The law of the case is decreed as follows:

With the accompanying Attachment "A, B, C" is incorporated by reference as though
   fully stated herein.

1. If any claim, statement, fact, or portion in this action is held inapplicable or not valid,
   such decision does not affect the validity of any other portion of this action.

2. The singular includes the plural and the plural the singular.

3. The present tense includes the past and future tenses; and the future the present, and
   the past the present.

4. The masculine gender includes the feminine and neuter.


## Attachment "A"

## The law of this case is further decreed:


1. All items mentioned in OHIO Evidence Code 54 (B) Sections 451 and 452, [among
which is included the Federal Rules of Civil Procedure].

2. ". Powers reserved to the people. This enumeration of rights shall not be construed to
impair or deny others retained by the people; and all powers, not herein delegated, remain
with the people. " OHIO Constitution, Article 1, Declaration of Rights Sec. 20. (1851).

3. "Whereas, the people of Ohio have presented a constitution....and which, on due
examination, is found to be republican in its form of government...." Act [of Congress]
for the Admission of OHIO into the Union, (Pub.L. 83–204, 67 Stat. 407, enacted
August 7, 1953) which designated March 1, 1803, as that date.[3]. The convention met
from November 1 to 29; it agreed to form a state, accepted the several land-use
proposals, and wrote the Ohio Constitution of 1802, which went into force without
submission to popular vote. On February 19, 1803 Congress passed an act "providing for
the execution of the laws of the United States in the State of Ohio" (Sess. 2, ch. 7, 2 Stat.
201). This act did not purport to admit the state, but declared that Ohio, by the formation

of its constitution in pursuance of the act of April 30, 1802, "has become one of the United States of America."[2] Neither act, however, set a formal date of statehood. An official statehood date for Ohio was not set until 1953, when the 83rd Congress passed a Joint resolution "for admitting the State of Ohio into the Union", (Pub.L. 83–204, 67 Stat. 407, enacted August 7, 1953) which designated March 1, 1803, as that date.

4. "The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative." *Lansing v. Smith,* 4 Wend. 9 (N.Y.) (1829), 21 Am .Dec. 89 10C Const. Law Sec. 298; 18 C Em. Dom. Sec. 3, 228; 37 C Nav. Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.

5. "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves....". *CHISHOLM v. GEORGIA* (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) p 471.

1.    ORC 3737.85 The fire marshal shall, as part of the state fire code, adopt rules for giving notice to or serving a citation or order upon a responsible person, to assure that:

(A)    The owner of a building or premises receives notice before any action is taken with respect to that building or premises.

(B)    The person responsible by law for a violation of the state fire code receives notice of such violation.

(C)    The person responsible by law for any violation is given notice of and the opportunity for a hearing as provided in this chapter.

2.    ORC 2744.01 | Political subdivision tort liability definitions.

(B) "Employee" means an officer, agent, employee, or servant, whether compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. "Employee" does not include an independent contractor and does not include any individual engaged by a school district pursuant to section 3319.301 of the Revised Code. "Employee" includes any elected or appointed official of a political subdivision. "Employee" also includes a person who has been convicted of or pleaded guilty to a criminal offense and who has been sentenced to perform community service work in a political subdivision whether pursuant to section 2951.02 of the Revised Code or otherwise, and a child who is found to be a delinquent child and who is ordered by a juvenile court pursuant to section 2152.19 or 2152.20 of the Revised Code to perform community service or community work in a political subdivision.

(C)(1) "Governmental function" means a function of a political subdivision that is specified in division (C) (2) of this section or that satisfies any of the following:

(2) A "governmental function" includes, but is not limited to, the following:(a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection:

3. ORC 3737.64 | Disclosing purpose of non-official inspection. No person who is not a certified fire safety inspector shall act as such or hold himself out to be such, unless prior to commencing any inspection function, he discloses the purpose for which he is making such inspection and the fact that he is not employed by any state or local fire service or agency, and that he is not acting in an official capacity for any governmental subdivision or agency.

4. ORC 2921.44 | Dereliction of duty.

   (1) Fail to serve a lawful warrant without delay.

   (2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance.

5. ORC 606.20  INTERFERING WITH CIVIL RIGHTS.

   (a) No public servant, under color of his or her office, employment, or authority, shall knowingly deprive, conspire or attempt to deprive any person of a constitutional or statutory right.

   (b) Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree. (ORC 2921.45; Ord. 1785. Passed 1-14-74.)

6. ORC Section 3737.34 | Fire safety inspector certificate. No person shall serve as a fire safety inspector for any fire agency unless he has received a certificate issued under former section 3303.07 or section 4765.55 of the Revised Code evidencing his satisfactory completion of a fire safety inspector training program.

7.  ORC 2913.01 No person shall serve as a fire safety inspector for any fire agency unless he has received a certificate issued under former section 3303.07 or section 4765.55 of the Revised Code evidencing his satisfactory completion of a fire safety inspector training program.

    (A)     "Deception" means knowingly deceiving another or causing another to be deceived by any false or misleading representation. by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or another objective or subjective fact.

    (B) "Defraud" means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another.

    (C)"Deprive" means to do any of the following:

    (1)  Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration.

    (2)  Dispose of property to make it unlikely that the owner will recover it.

8.  If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action. The singular includes the plural and the plural the singular

11. The present tense includes the past and future tenses, and the future the present, and the past the present. If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action. The singular includes the plural and the plural the singular.

12.  The present tense includes the past and future tenses, and the future the present, and the past the present.

13. "The very meaning of 'sovereignty' is that the decree of the sovereign makes law." American Banana Co. v. United Fruit Co., 29 S. Ct. 511, 513, 213 U.S. 347, 53 L. Ed. 826, 19 Ann. Cas. 1047.

14. "The state cannot diminish rights of the people." *Hurtado v. People of the State of California*, 110 U.S. 516.

15. "The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis v. Wechsler*, 263 US 22, 24.

16. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." *Miranda v. Arizona*, 384 US 436, 491.

17. "There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights." *Sherer v. Cullen*, 481 F 946.

18. "Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; *Minor v. Happersett*, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.

## Attachment "C"

### The law of this case is further decreed:

1.  18 U.S. Code § 1001 - Statements or entries generally

    (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully

    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

    (2) makes any materially false, fictitious, or fraudulent statement or representation; or

    (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

2. 42 U.S.C. § 1983, Deprivation of Civil Rights) Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

3.  42 U.S.C. § 241 Conspiracy against rights: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual

38

abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. 42 U.S.C. § 241 Deprivation of rights under color of law: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death 42 U.S.C. § 242

4.

5.    . "The State of Ohio is an inseparable part of the United States of America, and the United States Constitution is the supreme law of the land." (Article VI, Clause 2),

6.    ." Constitution for the United States of America, Article VI, Clause 2. "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

7. United Nations General Assembly in Paris on 10 December 1948 (General Assembly resolution 217 A) Universal Declaration of Human Rights.

8.      "A 'court of record' is a judicial tribunal having attributes and exercising functions

independently of the person of the magistrate designated generally to hold it..." *Jones v.*

*Jones,* 188 Mo.App. 220, 175 S.W. 227, 229; Ex Parte Gladhill, 8 Metc., Mass., 171, per

Shaw, C. J.

9.      "'...our justices, sheriffs, mayors, and other ministers, which under us have the laws of

our land to guide, shall allow the said charters pleaded before them in judgement in all

their points, that is to wit, the Great Charter as the common law....' Confirmatio

Cartarum, November 5, 1297" "Sources of Our Liberties" Edited by Richard L. Perry,

American Bar Foundation.

10.     "Henceforth the writ which is called Praecipe shall not be served on any one for any

holding so as to cause a free man to lose his court." Magna Carta, Article 34.

11.     An act of the court shall prejudice no man. Jenkins' Eight Centuries of Reports, 118;

Brooms Legal Maxims, Lond. ed. 115; 1 Strange's Reports, 126; 1 Smith's Leading

Cases, 245-255; 12 English Common Bench Reports by Manning, Granger, & Scott, 415

12.     The Federal Rules of Civil Procedure are the rules of the above-entitled court.

13.     [Constitution for the United States of America, Article VI, Clause 2.] The rules shall be

construed and administered to secure the just, speedy, and inexpensive determination of

this action. The State of Ohio is an inseparable part of the United States of America, and

the United States Constitution is the supreme law of the land. This Constitution, and the

Laws of the United States which shall be made in Pursuance thereof; and all Treaties

made, or which shall be made, under the Authority of the United States, shall be the

supreme Law of the Land; and the Judges in every State shall be bound thereby; any

Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

14.     Property rights of citizens:  All citizens of the United States shall have the same right, in

every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

lease, sell, hold, and convey real and personal property.  [42 USC 1982]

Civil action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C. § 1983

15. 42 U.S.C. § 1985(3) Conspiracy to interfere with civil rights: Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. 42 U.S.C. § 1985(3)

16. COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

　
# COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **JAMES SULLIVAN** | : | Case No. A2101735 |
| **Plaintiff** | : | **Judge Luebbers** |
| **v.** | : | **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION** |
| **SAVON KELSEY, et al.** | : | |
| **Defendants** | : | |
| | : | |

PLEASE TAKE NOTICE that on June 21, 2021, the Defendants timely filed a Notice of Removal of the above captioned case in the United States District Court for the Southern District of Ohio, Western Division. A copy of the Notice of Removal is attached.

Respectfully submitted,

**ANDREW W. GARTH (0088905)**
**CITY SOLICITOR**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4705
Fax: (513) 352-1515
katherine.baron@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Trial counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and sent via electronic mail to the following on January 20, 2022:

James Sullivan
3556 Wilson Avenue
Cincinnati, Ohio 45229

/s/ Katherine C. Baron
Katherine C. Baron (0092447)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES SULLIVAN             :    **Case No. 1:21cv421**

       **Plaintiff**          :
                                   :

       **v.**                      :    **NOTICE OF REMOVAL**
                                     :

**SAVON KELSEY, et al.**        :    **(Hamilton County Common Pleas**
                                     :    **Case No. A2101732)**

       **Defendants**        :
                                     :

---

Defendants Savon Kelsey, Morgan St. John, Jon Vogt, William Horsley, Scott Crowley, Matthew Lohman, David Mingo, and Nicolas Ivanovic (collectively "City") files this Notice of Removal of the above state court action to the United States District Court for the Southern District of Ohio, Western Division, from the Court of Common Pleas for Hamilton County, Ohio, as provided by 28 U.S.C. § 1441. The City was served on May 22, 2021. A true and correct copy of the Complaints filed in the state court action are as follows:

Exhibit A: Case Number A2101732

Exhibit B: Case Number A2101733

Exhibit C: Case Number A2101734

Exhibit D: Case Number A2101735

Exhibit E: Case Number A2101736

These cases have been consolidated under Case Number A2101732. All entries are included within the exhibits.

In accordance with 28 U.S.C. § 1446, the City makes the following statements setting forth the grounds for removal:

1. Pursuant to 28 U.S.C. § 1441(a), the City may remove any civil action over which a district court has jurisdiction to the district and division embracing the place where a state court action is pending.

2. The City is entitled to remove this action because this Court has original jurisdiction over the claims of the Complaint pursuant to 28 U.S.C. § 1331.

3. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because City was served on May 22, 2021.

4. Removal to this court is proper under 28 U.S.C. § 1446(a) because the Southern District of Ohio is the district within which the lawsuit was pending prior to removal.

5. The collective Defendants consent to removal.

6. Concurrently with its filing of this Notice of Removal, the City served written notice to Plaintiff and with the Court of Common Pleas, Civil Division, Hamilton County, Ohio, in accordance with 28 U.S.C. § 1446(d).

The City requests that the state court action, case number A2101732, now pending in the Court of Common Pleas for Hamilton County, Ohio, be removed to the United States District Court for the Southern District of Ohio, Western Division.

Respectfully submitted,

**ANDREW W. GARTH (0088905)**
**CITY SOLICITOR**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4703
Fax: (513) 352-1515
katherine.baron@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Trial counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on June 21, 2021 that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent electronically unless otherwise indicated:

James Sullivan
3556 Wilson Avenue
Cincinnati, OH 45229

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| JAMES SULLIVAN | : | **Case No. A2101736** |
| **Plaintiff** | : | **Judge Luebbers** |
| v. | : | **NOTICE OF REMOVAL TO** |
| | | **THE UNITED STATES** |
| NICOLAS IVANOVIC, et al. | : | **DISTRICT COURT FOR THE** |
| | | **SOUTHERN DISTRICT OF** |
| **Defendants** | : | **OHIO, WESTERN DIVISION** |
| | : | |

PLEASE TAKE NOTICE that on June 21, 2021, the Defendants timely filed a Notice of Removal of the above captioned case in the United States District Court for the Southern District of Ohio, Western Division. A copy of the Notice of Removal is attached.

Respectfully submitted,

**ANDREW W. GARTH (0088905)**
**CITY SOLICITOR**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4705
Fax: (513) 352-1515
katherine.baron@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Trial counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and sent via electronic mail to the following on January 20, 2022:

James Sullivan
3556 Wilson Avenue
Cincinnati, Ohio 45229

_/s/ Katherine C. Baron_
Katherine C. Baron (0092447)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JAMES SULLIVAN | : | Case No. 1:21cv421 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | <u>NOTICE OF REMOVAL</u> |
| | : | |
| SAVON KELSEY, et al. | : | **(Hamilton County Common Pleas** |
| | : | **Case No. A2101732)** |
| **Defendants** | : | |
| | : | |

---

Defendants Savon Kelsey, Morgan St. John, Jon Vogt, William Horsley, Scott Crowley, Matthew Lohman, David Mingo, and Nicolas Ivanovic (collectively "City") files this Notice of Removal of the above state court action to the United States District Court for the Southern District of Ohio, Western Division, from the Court of Common Pleas for Hamilton County, Ohio, as provided by 28 U.S.C. § 1441. The City was served on May 22, 2021. A true and correct copy of the Complaints filed in the state court action are as follows:

Exhibit A: Case Number A2101732

Exhibit B: Case Number A2101733

Exhibit C: Case Number A2101734

Exhibit D: Case Number A2101735

Exhibit E: Case Number A2101736

These cases have been consolidated under Case Number A2101732. All entries are included within the exhibits.

In accordance with 28 U.S.C. § 1446, the City makes the following statements setting forth the grounds for removal:

1.  Pursuant to 28 U.S.C. § 1441(a), the City may remove any civil action over which a district court has jurisdiction to the district and division embracing the place where a state court action is pending.

2.  The City is entitled to remove this action because this Court has original jurisdiction over the claims of the Complaint pursuant to 28 U.S.C. § 1331.

3.  This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because City was served on May 22, 2021.

4.  Removal to this court is proper under 28 U.S.C. § 1446(a) because the Southern District of Ohio is the district within which the lawsuit was pending prior to removal.

5.  The collective Defendants consent to removal.

6.  Concurrently with its filing of this Notice of Removal, the City served written notice to Plaintiff and with the Court of Common Pleas, Civil Division, Hamilton County, Ohio, in accordance with 28 U.S.C. § 1446(d).

The City requests that the state court action, case number A2101732, now pending in the Court of Common Pleas for Hamilton County, Ohio, be removed to the United States District Court for the Southern District of Ohio, Western Division.

Respectfully submitted,

**ANDREW W. GARTH (0088905)**
**CITY SOLICITOR**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4703
Fax: (513) 352-1515
katherine.baron@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Trial counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on June 21, 2021 that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent electronically unless otherwise indicated:

James Sullivan
3556 Wilson Avenue
Cincinnati, OH 45229

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)



**city of**
**CINCINNATI**
LAW

800 Plum Street, Suite 214
Cincinnati, Ohio 45202

RETURN SERVICE REQUESTED

**ATTACHMENT F**



James Sullivan
3556 Wilson Ave.
Cinti, OH 45209