**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JAMES SULLIVAN, | Case No. 1:21-cv-421 |
| Plaintiff, | |
| vs | Black, J.<br>Bowman, M.J. |
| SAVON KELSEY, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is now before the court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 9) and the parties' responsive memoranda.  (Docs. 11, 12).  Also before the Court is Plaintiff's motion to amend the complaint (Doc. 13-15) and Defendants' motion to strike the second amended complaint (Doc. 16).

**I. Background and Facts**

Plaintiff initially filed this action on May 19, 2021 in the Hamilton County Court of Common Pleas. (Doc.1).  Defendants removed the matter to this Court on June 21, 2021. Id.  Plaintiff's complaint involves an incident on May 20, 2020 wherein police and fire responded to Plaintiff's residence. After investigating Plaintiff's barbeque as an unlawful burn, criminal charges were issued against Plaintiff for obstructing official business and failure to comply with the orders of the Cincinnati Fire Department. (Doc. 9, Exs. A, B). Plaintiff appears to assert that Defendants were negligent when they caused damage to his leg, unlawfully seized him, deprived him of his right to a hearing pursuant to O.R.C.

3737.85, conspired against him, and maliciously prosecuted him for obstructing official business and failure to comply. (Doc. 1, Ex. A).

Defendants now move to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. After careful consideration, the undersigned finds that Defendants motion is well-taken.

**II. Analysis**

*A.     Standard of Review*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a

2

right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

      B.      *Defendants motion to dismiss is well-taken.*

Defendants argue that Plaintiff's complaint fails to include basic and minimal factual allegations in order to state a claim for relief. Defendants further argue that they are entitled to immunity under the theories of either tort immunity, absolute immunity, or qualified immunity. Moreover, even if this Court finds the Defendants are not entitled to immunity, Plaintiff's Complaint fails to plead sufficient facts to allege claims of negligence, conspiracy, or violation of Civil Rights under 42 U.S.C. §1983. Defendants' contentions are well-taken.

At the outset, Defendants contend that Plaintiff's pleading contains minimal, incomplete, and confusing factual allegations about an incident wherein police and fire responded to his residence on May 20, 2020. (Doc.2, PAGEID #83-84, Doc.3, PAGEID #92, Doc.4, PAGEID #104, Doc. 5, PAGEID #115, Doc. 6, PAGEID #124). In seeking to state a claim, Plaintiff briefly discusses the facts of the case and then provides random and seemingly irrelevant statements of law. Id. While Plaintiff fails to provide any statement of a specific injury other than damage to his leg, he requests exuberant monetary damages, medical and related expenses, loss of earnings, interest as allowed by law, the cost of this suit, and attorney's fees. (Doc.2, PAGEID #89, Doc.3, PAGEID #99-100, Doc.4, PAGEID #110-111, Doc.5, PAGEID #120, Doc.6, PAGEID #129).

The undersigned agrees that Plaintiff's complaint is nothing more than "labels and conclusions" and lacks even "a formulaic recitation of the elements of a cause of action" and consequently it does not suffice under the most lenient application of *Iqbal* and

*Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. at 555. Notably, Plaintiff's complaint fails to "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shop, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). See also *Perry v. UPS,* 90 F. App'x 860, 862 (6th Cir. 2004) (dismissing pro se plaintiff's complaint where the pleading offered only labels and conclusions).

Assuming arguendo, that Plaintiff's complaint meets the pleadings requirements outlined in Rule 12, Defendants argue that Plaintiff's unlawful seizure claim, malicious prosecution, and due process claims should be dismissed as he waived his right to bring these claims when he entered "no contest" pleas in Hamilton County Municipal Court Case No. 20/CRB/10469 and 20/CRB/10470. (Doc. 9, Exhibit C and D). *See Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir.1988) (plea of no contest in state court to criminal charges precluded subsequent claim of false arrest in federal court because plaintiff had a "full and fair opportunity to litigate" probable cause issue in state court proceeding). See also *Heck v. Humphrey*, 512 U.S. 477, 496-487 (1994); *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (finding that plaintiffs were estopped from asserting a § 1983 claim after entering a no contest plea). The undersigned agrees.

Next, Defendants argue that Plaintiff's Complaint fails to state a plausible claim for civil conspiracy. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on such a claim, a plaintiff must demonstrate that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective and (3) an overt act was committed in furtherance of the conspiracy that caused the injury. Id. Employees of a

4

corporation cannot conspire with fellow agents or employees of that company. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 509 (6th Cir. 1991) (stating "this court has adopted the general rule in civil conspiracy cases that a corporation cannot conspire with its own agents or employees."). For purposes of a civil conspiracy, fellow employees are treated as one entity. *Dunning v. Varnau*, 2015 U.S. Dist. LEXIS 132868 at *38 (S.D. Ohio 2015).

Here, no plausible claim for conspiracy has been alleged. The Complaint contains allegations of interactions among only Defendants working for the City of Cincinnati. As the Sixth Circuit has held, these allegations are not sufficient to support a conspiracy claim. As such, Plaintiff's conspiracy claim fails as a matter of law.

Last, Defendants argue that they are immune from Plaintiff's section 1983 claims under the doctrines of Qualified Immunity and Absolute Immunity. In this regard, the qualified immunity doctrine "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Al-Lamadani v. Lang*, 624 F. App'x 405, 409 (6th Cir. 2015) (*quoting Pearson v. Callahan*, 555 U.S. 223, 231 (2009)) (internal quotation marks omitted). Here, all Defendants are entitled to qualified immunity as to Plaintiff's civil rights claims as Plaintiff's Complaint fails to allege his constitutional rights were violated. *Al-Lamadani v. Lang*, 624 F. App'x 405, 409 (6th Cir. 2004).

Similarly, "[p]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cnty, Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Here Plaintiff brings a claim of malicious prosecution against

Prosecutors alleging they violated Rule 3.8: Special Responsibilities of a Prosecutor. (Doc.3, PAGEID # 93, 95). As noted by Defendants, such conduct is associated with the judicial phase of the criminal process. Therefore, the Defendant Prosecutors are entitled to immunity in this case.

In light of the foregoing, the undesigned finds that Defendants' motion to dismiss is well-taken and should be granted, *in toto.*

C. *Plaintiff's motion to amend lacks merit.*

After Defendants' motion to dismiss was fully briefed and ripe for review, Plaintiff filed a motion to amend his complaint. Plaintiff seeks to add additional defendants and additional constitutional claims. However, Plaintiff notes that he "does not seek to add additional facts." (Doc. 13, PageID 426, para. 3).

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,*

6

246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Furthermore, since there is already a fully briefed motion to dismiss pending, the opposing party would be prejudiced by the amendment.

Plaintiff's proposed amendment fails to meet the pleading standards outlined in *Iqbal* and *Twombly*. Plaintiff expressly states he is not adding any additional factual allegations in support of his claims. However, Plaintiff did attach an x-ray to the first amended complaint but failed to provide any further explanation as to what the x-ray shows, how the alleged injury occurred or who caused said alleged injury. (Doc. 14-1, Exh. 3).[1] As outlined above, Plaintiff's conclusory statements and minimal factual allegations fail to state any claim for relief. *See McDougald v. Mahlman*, No. 1:16-CV-317, 2016 WL 6157625, at *2–3 (S.D. Ohio Oct. 6, 2016), report and recommendation adopted, No. 1:16-CV-317, 2016 WL 6208580 (S.D. Ohio Oct. 21, 2016) (denying motions to amend because "Plaintiff's motions consist solely of unsupported allegations and conclusory statements.").

For these reasons, Plaintiff's request to amend the complaint are not well-taken and should be denied. Thus, Defendants' motion to strike should also be denied as moot.

**III.    CONCLUSION**

---

[1] Plaintiff does allege that "Defendant-F pushed Plaintiff" but does not set forth any additional facts that connect that push to any alleged injury. See Doc. 14-1, para. 19.

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss Plaintiff's complaint (Doc. 9) be **GRANTED;** Plaintiff's motion to amend (Doc. 13) be **DENIED**; Defendants' motion to strike (Doc. 16) be **DENIED** as moot; and this matter be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JAMES SULLIVAN, | Case No. 1:21-cv-421 |
| Plaintiff, | |
| vs | Black, J.<br>Bowman, M.J. |
| SAVON KELSEY, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).