**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES SULLIVAN, | : | Case No. 1:21-cv-421 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| SAVON KELSEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 17)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. 28 U.S.C. § 636(b). Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on February 07, 2022, submitted a Report and Recommendations ("R&R"). (Doc. 17). Plaintiff James Sullivan ("Sullivan") filed objections. (Doc. 20).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the R&R is adopted and Sullivan's objections are overruled.

Sullivan's first objection is that Defendants' Rule 12(b)(6) motion is untimely. (Doc. 20 at PageID# 784). That is not the case. Defendants moved for an extension, established good cause, and received their extension by order. (*See* Doc. 7; Notation

Order of 07/23/2021). Defendants then filed their motion to dismiss within the extended period to do so. (Doc. 9). This objection is overruled.

Sullivan's second objection is in the "alternative" to the first, but the Court is unclear on what the argument actually is. As part of this objection, Sullivan cites to *Pearson v. Callahan* and implies Defendants' motion to dismiss is "meritless." (*See* Doc. 20 at PageID# 785 (citing 555 U.S. 223 (2009)). If anything, *Pearson v. Callahan*—a case where the court found qualified immunity shielded the officers in-question— supports Defendants. *See* 555 U.S. at 244. Sullivan also fails to elaborate on why the motion is meritless. For these reasons, Sullivan's second objection is overruled.

Sullivan's third objection is not really an objection but a discourse on the law of qualified immunity. (Doc. 20 at PageID# 785). It seems to function as a prelude to the fourth and fifth objections. In any case, in its capacity as its own numbered objection, Sullivan's third objection is overruled.

Sullivan's fourth and fifth objections state that Defendants Ivanovic, Kelsey, St. John, Lohman and Mingo are not trained as fireman and acted outside the scope of their employment. (Doc. 20 at PageID# 785). For one or both of these reasons, Sullivan implies, they do not deserve qualified immunity. Sullivan relies on the assumed truth of the matter. As explained by the Magistrate Judge, "Plaintiff's complaint fails to contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." (Doc. 17 at 4 (citing *Scheid v. Fanny Farmer Candy Shop, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)). Plaintiff's complaint also fails to allege any facts supporting a failure-to-train theory or facts supporting the allegation that

Defendants acted outside the scope of their employment.  This same set of objections—the fourth and fifth—make an equally deficient assertion that Defendants Horsley, Crowly and Vogt acted with malicious purpose. (Doc. 20 at PageID# 786).  Again, no well-pleaded facts support this conclusion.  For these reasons, the fourth and fifth objections are overruled.

The gist of Sullivan's sixth objection is that Defendants had a "duty" to "perform" and failed to do so.  Sullivan states this duty is the result of a "bilateral contract." (Doc. 20 at PageID# 786).  The Court makes the following observations: this does not highlight a problem with the Magistrate Judge's reasoning; Sullivan did not assert any legal theories involving a contract in his complaint; and even if he did assert such a theory, he has not pleaded factual matter in support.  For these reasons, this objection is overruled.

Sullivan's seventh objection takes issue with the Magistrate Judge's description of the monetary damages sought by Sullivan as "exuberant." (Doc. 20 at PageID# 786; Doc. 17 at 3).  In using this term, the Magistrate Judge was highlighting the gap between the large damages sought and the minimal facts pleaded about the injury. (Doc. 17 at 3). Whether "exuberant" is a proper description of the damages does not matter to the disposition of this case. What does matter, at this stage, is whether Plaintiff has pleaded a factual basis entitling him to relief.  The Magistrate Judge has found he has not, and this Court agrees. Plaintiff's seventh objection is overruled.

Sullivan's eighth objection attempts to distinguish the present case from the facts of *Walker v. Schaeffer*, a case cited by the Magistrate Judge in support of the notion that Sullivan waived certain claims with a *nolo contendre* plea in state court. (*See* Doc. 17 at 4

3

(citing 854 F.2d 138, 143 (6th Cir. 1988)). Sullivan is correct that there are factual differences between this case and *Walker*. Yet the central reasoning of *Walker* still applies. Since Sullivan had a full and fair opportunity to litigate the propriety of his arrest in state court, he is barred from asserting claims in this case that rely on the premise of an improper arrest. *Walker*, 854 F.2d at 143. Thus, the Magistrate properly concluded that Plaintiff's unlawful seizure, malicious prosecution, and due process claims, even if sufficiently pleaded, would be barred. (Doc. 17 at 4).

Sullivan's follow up contention, as part of the same objection, is that his plea cannot be used against him as a matter of evidence. (Doc. 20 at PageID## 787-88). *Walker* addresses this question squarely. "Accordingly, use of the no-contest plea for estoppel purposes is not 'against the defendant' within the meaning of Fed.R.Evid. 410. This use would be more accurately characterized as 'for' the benefit of the 'new' civil defendants, the police officers." *Walker*, 854 F.2d at 143. Likewise here, Sullivan now wears the hat of Plaintiff and the use of his *nolo contondre* plea for purposes of estoppel is not prohibited by the Federal Rules of Evidence.

For the reasons state above, Sullivan's eighth objection is not persuasive and is overruled.

The ninth objection largely duplicates the eighth. (Doc. 20 at PageID# 788). Again, Sullivan attempts a wayward distinction—this time in the case of *Daubenmire v. Columbus*. *See* 507 F.3d 383, 390 (6th Cir. 2007). Applying either *Daubenmire* or *Walker* to the case at hand, the relevant question is whether Sullivan and a "full and fair opportunity to litigate" on certain issues in the first proceeding. Factual distinctions

outside the scope of that question, like the ones Sullivan posits, do not amount to a legally compelling difference. Sullivan's ninth objection is overruled.

Sullivan's tenth objection is a winding discourse, drawing on concepts and cases from all over the jurisprudential spectrum. (Doc. 20 at PageID## 788-90). Applying a generous lens, the Court can construe only one implied criticism of the R&R: the Magistrate Judge applied the *Iqbal-Twombly* standard incorrectly. (*Id.*). The Court disagrees. Even with the benefit of inferences, there is simply no way the pleaded facts result in a plausible claim. (*See* Doc. 17 at 7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Sullivan's tenth objection is overruled.

Sullivan's eleventh objection states that he has essentially pleaded facts to establish a negligence claim. (Doc. 20 at PageID# 790). Sullivan goes on to discuss his belief that the officials involved in the interaction that led to his seeming arrest were not "certified." He falls well short of explaining how he has pleaded a factual basis for negligence. For that reason, the eleventh objection is overruled.

Sullivan's twelfth objection seems to take aim at the Magistrate Judge's conclusion that Sullivan should not be permitted leave to amend. (Doc. 20 at PageID# 791). Sullivan quotes the standard for leave to amend. (*Id.*). However, he fails to respond to the Magistrate Judge's conclusion that "Plaintiff's proposed amendment fails to meet the pleading standards outlined." (Doc. 17 at 7). For that reason, the objection is overruled.

Sullivan's thirteenth objection states the Magistrate Judge got it wrong when she quoted Sullivan as stating "Plaintiff does not seek to add additional facts" in his motion to amend. (Doc. 20 at PageID# 791). Sullivan did in fact state that. (Doc. 13 at ¶3). Perhaps Sullivan made a mistake, changed his mind, or meant that he would not seek to add additional facts in his individual-capacity claims specifically. Because the Magistrate Judge persuasively found that the proposed amended complaint would fail to meet the plausibility standard, the question is irrelevant. Sullivan's thirteenth objection is overruled.

Sullivan's fourteenth through twenty-fifth objections are not truly objections at all. (Doc. 20 at PageID## 791-795). They say nothing about the R&R or the Magistrate Judge's reasoning. At turns, these numbered paragraphs constitute Sullivan's version of events, out-of-context grievances for injuries that are still unclear to the Court, or irrelevant assertions. To the extent these can be construed as objections at all, they are overruled.

Accordingly:

1. The Report and Recommendations (Doc. 17) is hereby **ADOPTED**;

2. Plaintiff's objections (Doc. 20) are **OVERRULED**;

3. Defendants' motion to dismiss (Doc. 9) is **GRANTED**;

4. Plaintiff's motion for leave to amend (Doc. 13) is **DENIED;**

5. Defendants' motion to strike (Doc. 16) is **DENIED as moot**; and

6. Plaintiff's complaint is **DISMISSED**, whereupon this action is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/30/2022                                             *s/Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge